**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**EDWARD PATTON**                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION # 2:07cv72-KS-MTP**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                                       **DEFENDANT**

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**</u>

This cause is before the Court on defendant's Motion for an Order Affirming the

Decision of the Commissioner [#13], and on Patton's Motion for Judgment on the Pleadings

[#10] seeking either a reversal of the Commissioner's decision or, alternatively, a remand of the

case to the Commissioner for further administrative proceedings. Having considered the

pleadings, the transcript of the record, the applicable law and the Report and Recommendation

filed June 17, 2008, by Magistrate Judge Michael T. Parker, the Court hereby finds as follows:

**PROCEDURAL HISTORY**

On February 3, 2005, Patton applied for supplemental security income benefits and

disability benefits under the Social Security Act, claiming that he had been unable to work since

August 15, 2004, because of back and neck injuries. After his claim was denied, initially and

upon reconsideration, Patton requested a hearing before an Administrative Law Judge (ALJ).

On November 29, 2005, presiding ALJ Charles Pearce determined that Patton was not

disabled within the meaning of the Social Security Act. Patton requested review by the Appeals

Council, but his request was denied, rendering ALJ Pearce's decision the final agency

1

determination. Patton now seeks judicial review by this Court under Section 405(g) of the Social

Security Act.

## STANDARD OF REVIEW

When a party objects to a Report and Recommendation, the Court is charged with making

a *de novo* determination of those portions of the report to which specific objection is made. *See*

28 U.S.C. §636(b)(1). Upon an independent assessment of the entire record and a *de novo* review

of the contested matters, it may "accept, reject or modify, in whole or in part, the findings and

recommendations made by the magistrate" without reiterating those findings and conclusions. *Id*;

*see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991).

The Court, in reviewing the Commissioner's denial of social security benefits, asks only

whether the decision is supported by substantial evidence and based on proper legal standards.

*Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Substantial evidence is "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court may not

reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hollis v.*

*Bowen*, 837 F.2d 1378, 1383 (5th Cir.1988).

## PLAINTIFF'S OBJECTIONS AND ANALYSIS

Patton objects to the ALJ's assessment of his residual functional capacity (RFC),

claiming that the ALJ relied on the clinical findings of the consultative examination but ignored

its overall conclusions. However it is the province of the Commissioner, not this Court, to weigh

evidence and make credibility assessments. Substantial evidence supports the ALJ's assessment

of Patton's RFC.

Patton next asserts that the vocational expert improperly characterized his former occupation as "parking lot supervisor," a job defined in the *Dictionary of Occupational Titles* to include clerical and administrative duties that he did not actually perform. Patton testified about the specific demands of his job, and acknowledges that his actual duties did not require as much exertion or skill as the DOT occupation described by the vocational expert. The Court initially notes that Patton's failure to raise the issue of the alleged conflict at the administrative hearing deprived the ALJ from addressing and exploring it. *See Jasso v. Barnhart*, 102 F. App'x 877, 878 (5th Cir. 2004); *Carey v. Apfel,* 230 F.3d 131, 146-47 (5th Cir. 2000). Furthermore, the mischaracterization seems in name only, as Patton provides no evidence that his actual job would be classified as something other than "light, semi-skilled work." The Court finds that substantial evidence in the record supports the ALJ's assessment of Patton's RFC.

As a final point, Patton suggests that the ALJ improperly discounted the opinion of Patton's treating physician, Dr. Moore. A treating physician's opinion is to be assigned significant weight. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). However it is not conclusive, and the ALJ bears "sole responsibility for determining the claimant's disability status." *Id.* Contrary to Patton's contention, the ALJ carefully considered the opinions of Dr. Moore; but given the limited extent of the treatment relationship between Patton and Dr. Moore, as well as the inconsistent nature of his opinions as compared to other medical evidence in the record, it concluded that they were of little value. After reviewing the record and the ALJ's decision, the Court finds no error in its treatment of Dr. Moore's opinion.

**CONCLUSION**

This Court, having conducted an independent review of the entire record and a *de novo*

review of the issues underlying the objections as required by 28 U.S.C. §636(b)(1), concludes

that Patton's objections lack merit and should be dismissed. The Report and Recommendation

submitted by Magistrate Judge Michael T. Parker properly states the facts of this case and

correctly analyzes the relevant law. The Court thus accepts, approves and adopts in whole the

factual findings and legal conclusions contained in the Report and Recommendation.


**IT IS THEREFORE ORDERED** the Report and Recommendation of Magistrate Judge

Michael T. Parker entered on June 17, 2008, should be, and hereby is, adopted in whole as the

finding of this Court. Accordingly, for the reasons set forth in the Magistrate Judge's Report and

Recommendation, it is

**ORDERED** that the Commissioner's Motion for an Order Affirming the Decision [#13]

shall be, and hereby is, **GRANTED**; and Plaintiff's Motion for Judgment on the Pleadings [#10]

shall be, and hereby is, **DENIED.**


**SO ORDERED AND ADJUDGED** on this, the ___6th___ day of August, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE